## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE MARGADONNA, *et al*., | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-2589 |
| | § | |
| BEREA ENTERPRISE, INC., *et al.,* | § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

Before the court are plaintiff Steve Margadonna's motions for entry of default and default judgment against defendants Berea Enterprise, Inc., Earl W. Linder individually, and Earl W. Linder d/b/a Earl's Gameroom.  Dkt. 11.  Because defendants did not respond, the court will treat the motions as unopposed.  *See* S.D. TEX. LOC. R. 7.4 ("Failure to respond will be taken as a representation of no opposition.").  For the following reasons, the motions are GRANTED. The court finds that the defendants are in default and the entry of default judgment is warranted.

A party that fails to plead or otherwise respond to a complaint within the time required by the Federal Rules of Civil Procedure is in default.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  By defaulting, a defendant admits to the well-pleaded facts in the complaint, except those relating to the amount of damages.  *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002); *see also* 10A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 1998).  According to Rule 55(b)(2) a motion for default judgment must be presented to the court for entry of judgment and notice of the application must be sent to any defaulting party who has appeared.  FED. R. CIV. P. 55(b)(2); *see* 10A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998).  The Local Rules of the Southern District of Texas further specify

that a motion for default judgment "must be served on the defendant-respondent by certified mail (return receipt requested)."  *See* S.D. Tᴇx. Lᴏc. R. 5.6.

In determining whether to enter a judgment of default the court may consider whether material issues of fact exist; whether substantial prejudice will result; whether the grounds for default are clearly established; and whether there exists a good faith mistake or excusable neglect that resulted in the default.  *See Caterpillar Fin. Servs. Corp. v. Lindsey*, 218 F.R.D. 145, 148 (S.D. Tex. 2003); *see also* 10A C. Wʀɪɢʜᴛ & A. Mɪʟʟᴇʀ, Fᴇᴅᴇʀᴀʟ Pʀᴀᴄᴛɪᴄᴇ ᴀɴᴅ Pʀᴏᴄᴇᴅᴜʀᴇ § 2685 (3d ed. 1998).  Margadonna has submitted evidence that  Earl W. Linder was personally served with a summons and copy of the complaint on August 18, 2006.[1]  Furthermore, Margadonna has submitted evidence that Earl Linder, in both his capacity as registered agent for Berea Enterprise, Inc. and d/b/a Earl's Gameroom, was served with a summons and copy of the complaint on November 25, 2006.[2]  The defendants have not appeared or taken action to defend against this suit, such as by filing an answer or a motion to dismiss within twenty days of service of summons and complaint.  The court finds the defendants are therefore in default.

Margadonna's motion for default judgment was filed on February 06, 2007, and was served upon the defaulting defendants by certified mail, return receipt requested in compliance with Southern District of Texas Local Rule 5.6.  The defendants have not responded for a period of at least twenty days following the date of filing of Margadonna's motion for default judgment.  The grounds for the default are clearly established and there is no evidence of a good faith mistake or excusable neglect on the part of the defendants before the court.  The court concludes that default judgment is warranted pursuant to Federal Rule of Civil Procedure 55(b)(2).

---

[1]        *See* Dkt. 11, Ex. A.

[2]        *See* Dkt. 11, Exs. B, C.

Margodonna seeks damages for violations of the Fair Labor Standards Act pursuant to 29 U.S.C. § 207(a)(1).  In assessing damages, the court may "rely simply on affidavits."  *See* FED. R. CIV. P. 55 (commentary on default judgment by court).  Furthermore, a hearing to assess damages is not necessary where the amount of damages "can be made certain by computation."  *Id*.  Because the court grants a default judgment with respect to the defendants' liability under § 207(a)(1), the court will calculate the plaintiff's damages according to the Act.  According to § 207(a)(1), Margadonna is entitled to receive an amount equivalent to one-half the regular rate of pay at which he was employed multiplied by the total sum of the number of hours he worked exceeding forty hours each week of his employment for which he was not compensated at a rate of one and one-half times his regular rate of pay.  29 U.S.C. § 207(a)(1).  Margadonna filed an affidavit attached to his motion for default judgement as "Plaintiff's Exhibit D" setting forth in specificity the amount of damages claimed against the defendants pursuant to 29 U.S.C. § 207(a)(1).  The Court finds the amount of damages, as fixed in Margadonna's affidavit, to be appropriate and therefore awards $16,070.00 in damages to the plaintiff for the defendants''s violation of § 207(a)(1).

Margadonna also seeks liquidated damages pursuant to § 216(b).  That section of the Act provides that an employee is able to recover an additional amount of liquidated damages from his or her employer for violation of the Act as discussed above.  29 U.S.C. § 216(b).  Furthermore, the Fifth Circuit held that an award of liquidated damages for violation of 29 U.S.C. § 201 *et seq.* is within the discretion of the court even when an employer establishes that the violation was in good faith.  *See Peters v. Shreveport*, 818 F.2d 1148, 1168 (5th Cir. 1987), *cert. denied*, 485 U.S. 930 (1988) (citing  *Martinez v. Food City, Inc.*, 658 F.2d 369, 376 (5th Cir. 1981)).  Because the defendants have not contested Margadonna's allegations and default judgment has been granted, the

court finds plaintiff's request for liquidated damages in the amount of $16,070.00 to be reasonable and therefore awards plaintiff's claim for liquidated damages against defendants.

Margadonna has submitted documentation of attorneys' fees totaling $10,500.00 and court costs totaling $550.00.  The Court finds the amounts to be reasonable and orders the defendants to pay the plaintiff the amount of $11,050.00 in addition to the damages above.  Therefore, the court enters judgment for plaintiff in the amount of $43,190.00.

For the foregoing reasons, the Court GRANTS the plaintiff's motions for entry of default and for default judgment.  The Court will enter a Final Judgment on this date.

It is so ORDERED.

Signed on March 20, 2007, at Houston, Texas.

_____
Gray H. Miller
United States District Judge